1998 OK CIV APP 70

**D. Arlene SMITH, Plaintiff/Appellant,**

v.

**AMERICAN FIDELITY INSURANCE COMPANIES, Defendant/Appellee,**

**David Troy BROWN, Defendant.**

**No. 89,556.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Feb. 13, 1998.

Kenneth Jean, Boettcher, Ryan & Martin, Oklahoma City, for Plaintiff/Appellant.

Collier H. Pate, Pate, Kempf & Knarr, Oklahoma City, for Defendant/Appellee.

JOPLIN, Judge.

¶ 1 D. Arlene Smith (Insured) seeks review of the trial court's order denying her motion for summary judgment and granting judgment to American Fidelity Insurance Companies (Insurer) in Insured's action against Insurer and Defendant David Troy Brown to recover damages for injuries sustained by Insured in an automobile accident with Brown. We hold the trial court did not err in finding Insurer, Insured's UM/UIM carrier, liable only for the amount of Insured's damages in excess of Brown's liability limits and, accordingly, affirm the trial court's judgment.

¶ 2 In March 1995, Insured's automobile collided with an automobile driven by Brown. At the time of the accident, Brown had in effect an insurance policy providing for liability coverage in the amount of $10,000.00, while Insured had in effect a policy of insurance issued by Insurer providing UM/UIM coverage in the amount of $50,000.00. For purposes of this appeal, Insurer and Insured stipulate that Insured sustained damages in the amount of $12,000.00.

¶ 3 In October 1995, Insured made demand upon Insurer for the full $12,000.00 under her UM/UIM policy. Insurer refused the demand, proffering $2,000.00 and "instructing" Insured to pursue Brown for the remaining $10,000.00. Insured thereafter commenced the instant action to recover the full $12,000.00 from Insurer. Insured moved for summary judgment which the trial court denied and further found the denial disposed of Insured's claim against insurer in its entirety and, accordingly, granted judgment to Insurer, holding Insurer liable only for $2,000.00. Insured appeals. The trial court certified the order granting judgment to Insurer as immediately appealable,[1] and the

---

1. *See,* 12 O.S.Supp.1995 § 994(A).

matter stands submitted on the trial court record.[2]

¶4 Insured argues that since Insurer stipulates to her damages of $12,000.00, and that since this amount exceeds the amount of the tortfeasor's liability limit, the *underinsurance* provisions of her policy requires Insurer to pay the full amount of her damages, thereafter entitling Insurer as subrogee of her claim, to collect the $10,000.00 limit of liability from tortfeasor's insurance carrier. In support of her position, Insured cites *Roberts v. Mid–Continent*, 1989 OK CIV APP 92, 790 P.2d 1121, and indeed, *Roberts* precisely so held.

¶5 In opposition to this claim, Insurer argues that *Roberts* is persuasive only and not controlling in this matter. Ok.S.Ct.R. 1.200(c)(2), 12 O.S.Supp. 1997, Ch. 15, App. Moreover, says Insurer, the Oklahoma Supreme Court, after publication of *Roberts*, affirmatively held an underinsurance carrier liable *only* for that quantum of its insured's damages which exceed the tortfeasor's available coverage. *Buzzard v. Farmers Insurance Co., Inc.*, 1991 OK 127, 824 P.2d 1105.[3]

¶6 Although *Buzzard* does not address the precise question presented here, the *Buzzard* decision clearly holds an uninsured/underinsured carrier liable only for that part of its insured's claim that exceeds the amount available from the tortfeasor's liability carrier. 1991 OK 127, ¶¶ 29, 30, 824 P.2d at 1112.

From that pronouncement, it would seem to follow that an uninsured/underinsured carrier cannot be compelled to pay the full amount of its insured's damages where recovery under the tortfeasor's liability insurance policy remains available. The only authority holding to the contrary appears to be *Roberts*, which we here decline to follow absent positive approval of the position there expressed by this state's highest court. We therefore determine Insurer bound to pay Insured only that amount which Insured's stipulated damages of $12,000.00 exceed the recovery available from Defendant tortfeasor, and conclude the trial court did not err in so holding.

¶7 The order of the trial court denying summary judgment to Insured and granting judgment to Insurer is therefore AFFIRMED.

JONES, V.C.J., and ADAMS, J., concur.

---

2. *See,* Rule 13(h), Rules for District Courts, 12 O.S.Supp.1993, Ch. 2, App., and Rule 1.36, Oklahoma Supreme Court Rules, 12 O.S.Supp.1997, Ch. 15, App.

3. Another division of this Court recently decided a case involving a similar claim as is presented here, i.e., the insured seeking recovery of the full amount of her damages from her UM/UIM insurer. *Kavanaugh v. Maryland Ins. Co., Inc.*, 1997 OK CIV APP 41, 943 P.2d 629. In that case, as in the present case, the insurer asserted liability under the UM/UIM provisions of its policy only for the insured's damages in excess of the tortfeasor's liability limits, citing *Buzzard*, while the insured argued insurer was liable for the full amount of insured's damages with the insurer retaining its right of subrogation against the tortfeasor, citing *Roberts*. In *Kavanaugh*, we held the insured entitled to recover the full amount of her damages (which were within her UM policy limits) where, by reason of the passage of the statute of limitations on the claim against the tortfeasor, recovery under the tortfeasor's liability insurance policy was *unavailable*, that is, where the insured was totally *uninsured* with regard to the damages at issue, and the insurer failed to show that the unavailability of tortfeasor's liability coverage was attributable to any act of the insured. *Kavanaugh*, 1997 OK CIV APP 41, ¶ 12, 943 P.2d at 632. *See also, Uptegraft v. Home Ins. Co.*, 1983 OK 41, ¶¶ 15, 16, 662 P.2d 681, 687. We here decline to extend our holding in *Kavanaugh* to the instant case, the instant case presenting no issue of unavailability of recovery from the tortfeasor's carrier.